# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| MATTHEW SCHOENECKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JOHN KOOPMAN, ) <br> Individually and in is official ) <br> Capacity as Principal of Markesan ) <br> High School, ) <br> Defendant. ) | CIVIL ACTION FILE NO. <br><br> _____ |

## COMPLAINT

## I. INTRODUCTION

1. This is an action under 42 U.S.C. § 1983 for various violations of Plaintiff's constitutional rights. Plaintiff seeks declaratory and injunctive relief against the Defendant.

## II. JURISDICTION & VENUE

2. This Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. 1343.

3. Venue is proper because Defendant is located in this District and in this Division, and Plaintiff resides in this District and in this Division.

–1–

## III. PARTIES

4. Plaintiff Matthew Schoenecker is a citizen of the United States and a resident of the State of Wisconsin.

5. Plaintiff is a freshman student at Markesan High School, a public high school.

6. Defendant John Koopman is the principal of Markesan High School in Markesan, Green Lake County, Wisconsin.

7. For all purposes relevant to this Complaint, Defendant was acting under color of state law, as that phrase is used in 42 U.S.C. § 1983.

## IV. FACTUAL BACKGROUND

8. Plaintiff is a firearms enthusiast and enjoys sport target shooting.

9. Plaintiff believes in the value to society of personal possession of arms as guaranteed by the Second Amendment.

10. Plaintiff owns a variety of T-shirts that express his beliefs, and he sometimes wears them to school.

11. Two T-shirts in particular are at issue in this case. One has the inscription "Celebrate Diversity" on the front and it depicts a variety of firearms (the "Diversity T-Shirt"). One has the word "LOVE" written on the front. The letters of the word "LOVE" are stylized, so that the "L" is a handgun, the "O"

–2–

is a hand grenade, the "V" is two knives, and the "E" is a rifle (the "LOVE T-Shirt").

12. Plaintiff has been chastised by some teachers and referred to Defendant because of his wearing the T-Shirts.

13. Defendant has told Plaintiff that Plaintiff is prohibited from wearing clothing that depicts firearms, and the T-Shirts in particular.

14. On March 20, 2018, Plaintiff and his parents met with Defendant to discuss the T-Shirts.

15. At the meeting, Plaintiff was wearing the Diversity T-Shirt.

16. At the meeting, Defendant told Plaintiff and Plaintiff's parents that Plaintiff could not wear to school clothing depicting firearms.

17. Defendant said he is vested with discretionary authority to impose clothing restrictions at school.

18. Defendant said the images were "inappropriate," and that Defendant was vested with discretionary authority to ban "inappropriate" clothing.

19. There are no school rules explicitly banning wearing clothing that depicts firearms.

20. Defendant said Plaintiff could either wear alternative clothing or turn the "inappropriate" clothing inside out.
21. Defendant said that if Plaintiff refused to do either, he would attend school in "the cubicle."
22. The cubicle is a small office space at the school segregated from other students.
23. No instruction is provided in the cubicle.
24. On March 21, 2018, Defendant signed a document stating, "I have told Matthew Schoenecker that I felt his shirt that had guns and grenades on it was inappropriate for a school environment. I have informed him that if he wears shirts that have guns, grenades, bombs, etc on it, he would be asked to change the shirt or turn it inside-out. As stated above, I have administrative discretion when it comes to our dress code."
25. On April 6, 2018, Plaintiff the LOVE T-Shirt to school.
26. Several teachers at school required Plaintiff to cover his T-Shirt with his sweater.

27. Defendant has instructed teachers at the school that they are to enforce his discretionary determination that all depictions of firearms on clothing are prohibited.
28. When Plaintiff refused one teacher's instruction to cover his T-Shirt, the teacher sent Plaintiff to Defendant.
29. Markesan High School has a policy, procedure, or practice of restricting the wearing of clothing that depicts firearms, including in a non-violent, non-threatening manner.
30. Defendant required Plaintiff to sit in the Cubicle because Plaintiff refused to cover his T-Shirt.
31. There have never been any incidents of significant disruption of Markesan High School based on a student's clothing depicting firearms in a non-threatening, non-violent manner.
32. Plaintiff's wearing of the T-Shirts has never cause a disruption at Markesan High School.
33. Plaintiff has never made any violent or threatening comments or actions at Markesan High School.

34. The T-Shirts depict firearms (and other weapons) in a non-violent, non-threatening manner.

35. The T-Shirts are speech protected by the First Amendment.

36. The First Amendment applies to the states through the Fourteenth Amendment.

**Count 1 – Violations of First Amendment**

37. By restricting Plaintiff's clothing based on its depiction of firearms in a non-violent, non-threatening manner, Defendant is violating Plaintiff's freedom of expression guaranteed by the First Amendment.

38. By restricting all depictions of firearms, regardless whether the firearms are displayed in non-violent, non-threatening manner, Defendant's restrictions are unconstitutionally overly broad.

39. By deciding on a case-by-case basis what clothing is "inappropriate," Defendant's restrictions are unconstitutionally vague.

**Count 2 – 14th Amendment Due Process Violations**

40. By not providing Plaintiff with objective criteria for knowing what clothing is prohibited, Defendant is denying Plaintiff due process.

**Prayer for Relief**

Plaintiffs demand the following relief:

41. A declaration that Plaintiff's depictions of firearms in a non-threatening, non-violent manner is protected expression and may not be restricted.

42. A preliminary and permanent injunction prohibiting Defendant from restricting Plaintiff from wearing clothing at school that depicts firearms in a non-violent, non-threatening manner.

43. Attorney's fees and costs for bringing and maintaining this action, pursuant to 42 U.S.C. § 1988.

44. A jury to try to this case.

45. Any other relief the Court deems proper.

JOHN R. MONROE,

___/s/ John R. Monroe_____
John R. Monroe
John Monroe Law, P.C.
9640 Coleman Road
Roswell, GA 30075
Telephone: (678) 362-7650
Facsimile: (678) 744-3464
jrm@johnmonroelaw.com

ATTORNEY FOR PLAINTIFF

–7–