IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | | |
|---|---|---|
| MATTHEW SCHOENECKER, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION FILE NO. |
| | ) | |
| v. | ) | 18-CV-00555 |
| | ) | |
| JOHN KOOPMAN, | ) | |
| Individually and in is official | ) | |
| Capacity as Principal of Markesan | ) | |
| High School, | ) | |
| Defendant. | ) | |

## **CONSENT JUDGMENT FOR PERMANENT INJUNCTION**

Plaintiff Matthew Schoenecker ("Schoenecker") and Defendant John Koopman, individually and in his official capacity as Principal of Markesan High School, together with his heirs, successors and assigns, and the agents, employees, and staff of Markesan Schools ("Koopman") consent to the entry of this Judgment as a resolution of all outstanding issues among them.

Koopman is hereby ENJOINED from restricting Matthew Schoenecker from wearing of clothing at Markesan High School that depicts weapons, describes weapons, names weapons, or mentions weapons, provided that the depictions, descriptions, names, or mentions do not include advocating or implying the violent

–1–

or illegal use of weapons or threatening the violent or illegal use of weapons. In this injunction, "restricting" means taking disciplinary action against Matthew Schoenecker for wearing of clothing, commenting to Matthew Schoenecker while wearing such clothing about the contents of the matters depicted in the clothing, enforcing a dress or other policy on account of Matthew Schoenecker's wearing of the clothing, or otherwise taking action against or disparaging Matthew Schoenecker on account of his wearing of the clothing. The terms of this consent judgment expire upon Matthew Schoenecker's graduation from Markesan High School or when he ceases to be a student enrolled in Markesan District Schools, whichever is earlier.

If Koopman restricts Matthew Schoenecker from wearing of any clothing pursuant to the exception of this injunction, Koopman shall, within two school days of such restriction, state in writing the specific reasons for such restriction and deliver such reasons to Matthew Schoenecker. Upon receipt of Koopman's written reasons for the restriction, Matthew Schoenecker shall, within two school days, notify Koopman in writing of his specific reasons for disagreement and his intent to pursue relief under the terms of this consent judgment. Should Matthew Schoenecker elect to pursue relief under the terms of this Consent Judgment, he shall commence

such action with this Court within seven business days of notifying Koopman in writing of his intent to do so, or any such right and ability shall be waived.

Upon entry of this Judgment, the clerk shall terminate this case.

By the Court:

Dated: May 15, 2019

                                s/Lynn Adelman
                                    Lynn Adelman, Judge
                                    U.S. District Court

Consented to by:

                               /s/ John R. Monroe
                              John R. Monroe
                              John Monroe Law, P.C.
                              156 Robert Jones Road
                              Dawsonville, GA  30534
                              Telephone: (678) 362-7650
                              jrm@johnmonroelaw.com

                              ATTORNEY FOR PLAINTIFF

/s/ Sara C. Mills (by JRM with permission)
Sara C. Mills
Crivello Carlson, S.C.
710 N. Plankinton Ave., Suite 500
Milwaukee, WI 53203

ATTORNEY FOR DEFENDANT